UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

THE CANADIAN ST. REGIS BAND OF
MOHAWK INDIANS, *et. al.*,

                      Plaintiffs,

-against-                                      5:82-CV-783 (Lead)
                                                    5:82-CV-1114 (Member)
STATE OF NEW YORK, *et al.*,              5:89-CV-829 (Member)
                                                      (LEK/TWD)

                      Defendants.

## **<u>DECISION AND ORDER</u>**

On May 30, 2024, Hattie Hart ("Movant") filed a motion to intervene. Dkt. No. 898 ("Motion"). The parties to this action oppose the Motion. Dkt. Nos. 899, 902, 903, 909. For the reasons that follow, the Motion is denied.

Rule 24 of the Federal Rules of Civil Procedure allows for intervention as of right and intervention by permission of the court. Movant does not state which form of intervention she seeks, so the Court considers whether Movant is entitled to intervene under either provision.

"[A] threshold consideration under Rule 24(b), as under Rule 24(a), is timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 74 (2d Cir. 1994). To intervene as of right, the proposed intervenor must, *inter alia*, file a "timely motion." Fed. R. Civ. P. 24(a); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001). Similarly, permissive intervention requires that the proposed intervenor file a "timely motion." Fed. R. Civ. P. 24(b); *see also Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014).

"The determination of the timeliness of a motion to intervene is within the discretion of the district court, 'evaluated against the totality of the circumstances before the court.'" *D'Amato*, 236 F.3d at 84 (quoting *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric.*

*and Markets*, 847 F.2d 1038, 1043–44 (2d Cir. 1988). "Circumstances considered in this determination include: '(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'" *Id.* (quoting *Pitney Bowes*, 25 F.3d at 70).

Here, all four timeliness factors weigh against granting the Motion.

First, it appears that Movant had notice of the interest long before she filed the instant Motion. While Movant did not state in her Motion when she learned of the case, a declaration from Dale White, general counsel to the Saint Regis Mohawk Tribe, states that "[Movant] has been aware of the existence of the Tribe's land claim lawsuit since at least as early as 2006." Dkt. No. 899-10 ¶ 4. White notes that in 2006, Movant initiated a "detailed discussion lasting about 30 minutes" with White about the action. *Id.* Movant's 19-year delay in bringing this Motion weighs against a finding of timeliness. *See, e.g.*, *In re Bank of New York Derivative Litig.*, 173 F. Supp. 2d 193, 201 (S.D.N.Y. 2001) ("This lawsuit has been pending for more than two years . . . . Shorter delays have often been deemed untimely.").

Second, intervention by Movant would cause prejudice to the existing parties. The current settlement negotiations began in 2013 and have been ongoing ever since. *See* Dkt. No. 642. Involving a new party at this stage would upend years of negotiations and may derail any progress. Movant indicates as much in the Motion, stating her intention to raise new issues and bring new claims. *See, e.g.*, Mot. at 8 (alleging that Defendants have "conspired to deprive [Movant] and the rights of other Indians . . . to the equal protection and due process of law."). The Second Circuit has found prejudice to existing parties in a case where intervention would "wast[e] the fruits of lengthy negotiations," *Pitney Bowes*, 25 F.3d at 72, or "derail the

2

settlement" among parties "who had been engaging in settlement negotiations for several months," *D'Amato*, 236 F.3d at 84. The Court finds that the second timeliness factor weighs against granting the Motion.

Third, denying the Motion would not cause prejudice to Movant. The operative complaints in this action are predicated on alleged violations of the Non-Intercourse Act, and Movant has no legally protectible interest under this law. As this Court has previously noted, to establish a prima facie case for a violation of the Non-Intercourse Act, a plaintiff must show, *inter alia*, that it is an Indian tribe. Dkt. No. 803 at 10. Here, Movant does not purport to intervene as an Indian tribe; rather, she seeks to intervene on behalf of "herself and other persons who identify as an Indian of the Village of St. Regis." Mot. at 3. Because Movant would not be able to bring a claim to enforce the Non-Intercourse Act, denying the Motion would not cause her any prejudice. The third timeliness factor weighs against granting the Motion.

Fourth, the Court identifies no unusual circumstances that militate a finding of timeliness. Plaintiff offers none in her Motion. This too weighs against granting the Motion.

Accordingly, the Court finds that Plaintiff's Motion is not timely. Because a threshold consideration under Rule 24(a) and Rule 24(b) is timeliness, *Pitney Bowes*, 25 F.3d at 74, Plaintiff's Motion is denied.

It is hereby:

**ORDERED**, that the motion to intervene, Dkt. No. 898, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 07, 2025
                Albany, New York

LAWRENCE E. KAHN
United States District Judge